UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY MOSS,

            Plaintiff,

v.

CAROLYN COLVIN, Acting Commissioner of the Social Security Administration,

            Defendant.

CASE NO. C12-5768 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 32), and Plaintiff Timothy Moss's ("Moss") objections to the R&R (Dkt. 33).

## I.    PROCEDURAL & FACTUAL BACKGROUND

On September 9, 2013, Judge Creatura issued an R&R affirming the Administrative Law Judge's ("ALJ") decision that Moss was not disabled and recommended denying him social security benefits. Dkt. 32. On September 20, 2013, Moss filed objections to the R&R. Dkt. 33. On October 3, 2013, the Commissioner replied. Dkt. 35.

## II.    DISCUSSION

**A.    Legal Standard of Review**

The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

ORDER - 1

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

**B.     Application of Standard**

Moss objects to Judge Creatura's R&R arguing that the case should be remanded because the ALJ erred in determining that Moss was malingering, the post-hearing opinion of psychologist Dr. Janis Lewis, Ph.D. ("Dr. Lewis") regarding the issue of malingering should be considered by the ALJ, and the ALJ erred in finding that Moss lacked credibility, as that determination was "poisoned" by her finding of malingering. *See* Dkt. 33.

Judge Creatura acknowledged that psychologist Christina Rasmussen, Ph.D. ("Dr. Rasumussen") did not specifically diagnose Moss with malingering. Dkt. 32 at 6. Judge Creatura properly summarized her findings as follows:

> Dr. Rasmussen conducted a Mental Status Examination ("MSE") and used her training and powers of observation, in addition to plaintiff's performance on tests, to conclude that a diagnosis of malingering should be "ruled out" see Tr. 404-07.) She noted that plaintiff "lack[ed] motivation during the testing portion of this evaluation" (Tr. 404) and that he "appeared to lack motivation throughout most of the test administration" (Tr. 406). She concluded that the test results were "likely an under-representation of his intellectual ability" (Tr. 406) and this lack of motivation and concentration were the result of possible malingering (Tr. 406-07).

*Id.* at 8. Correctly defining the issue as to whether substantial evidence existed to support the ALJ's conclusion (*id.* at 6), Judge Creatura observed that substantial evidence means more than minimal effect on functional work abilities as demonstrated by Moss's reported symptoms as well as by "medical evidence consisting of signs, symptoms, and

ORDER - 2

laboratory findings ...." Dkt. 32 at 8 (*citing* 20 C.F.R. § 404.1508).  Judge Creatura found that Dr. Rasmussen's observations during her MSE met this standard, noting that

> "experienced clinicians attend to detail and subtlety in behavior, such as the affect accompanying thought or ideas, the significance of gesture or mannerism, and the unspoken message of conversation. The Mental Status Examination allows the organization, completion and communication of these observations." Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 3 (Oxford University Press 1993). "Like the physical examination, the Mental Status Examination is termed the *objective* portion of the patient evaluation." *Id*. at 4 (emphasis in original).

Dkt. 32 at 9.  Thus, Judge Creatura properly concluded that Dr. Rasmussen's conclusions, even if not diagnostic, constitute "medical evidence consisting of signs, symptoms, and laboratory findings" that can and should be considered by an ALJ in determining whether an impairment is severe.  *Id*.

While Moss insists that the case should be remanded for consideration of Dr. Lewis's opinion regarding the issue of malingering, the Court disagrees. After considering Dr. Lewis's report, the Court agrees with Judge Creatura's finding that "it does not invalidate the ALJ's determination of malingering at step two and there is substantial evidence in the record as a whole to support this finding." *Id*. at 12. Moreover, even in the absence of a finding of malingering, the ALJ provided "clear and convincing" reasons for finding Moss lacked credibility. *Smolen v. Charter*, 80 F.3d at 1283-84 (9th Cir. 1996).  For example, Judge Creatura observed that the ALJ correctly made numerous specific findings showing inconsistencies between Moss's testimony and medical evaluations of him regarding his abilities to lift, stand and sit during a workday. Dkt. 32 at 14-15 (*citing, e.g.,* Tr. 25, 27, 29-30, 475, 509 and 519).  Additionally, Judge

1  Creatura was correct in his assessment of the record, which reveals that Moss's
2  statements to health care providers were inconsistent with statements he made during the
3  hearing. *Id*. at 15 (*citing, e.g.,* Tr. 27, 28, 30, 271, 325, 326, 352, 422 and 441). Further,
4  as Judge Creatura observed, the record also reveals that the ALJ correctly cited a number
5  of Moss's daily activities that are inconsistent with his allegations of disability, possibly
6  excepting Moss's academic successes, which he maintains predated the onset of his
7  disability. *Id.* at 15-16 (*citing, e.g.,* Tr. 25, 28, 29, 52, 60-61, and 405).

8  After a thorough and well-reasoned review of the record, Judge Creatura
9  determined that substantial evidence did support the ALJ's conclusions. The Court
10 concurs with Judge Creatura's conclusions.

## III.  ORDER

12 The Court having considered the R&R, Plaintiff's objections, and the remaining
13 record, does hereby find and order as follows:

14  (1)  The R&R is **ADOPTED**; and

15  (2)  This action is **DISMISSED**.

16 Dated this 10th day of December, 2013.

BENJAMIN H. SETTLE
United States District Judge